### JULIUS NASS *vs.* ANNIE L. GARNISS.

#### MARCH 29, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Landlord and Tenant. Notice to Quit.*

No particular form of notice is necessary to terminate a tenancy. The notice will be sufficient if it is in writing and informs the tenant that he is required to vacate the premises at the end of his term and is given before the commencement of the latter half of his term. It need not state when the term ends, as a tenant for a term must be presumed to know when his term commences and when it ends.

*(2) Landlord and Tenant. Notice to Quit. Time.*

The fact that a tenant who was notified to quit "at the end of your occupation month which will occur next after the expiration of fifteen days from the date hereof" was entitled to sixteen days' notice is of no importance where as a matter of fact the time given was sufficient, to comply with Gen. Laws, 1909, cap. 334, § 4.

TRESPASS AND EJECTMENT. Heard on exceptions of plaintiff and sustained.

RATHBUN, J. This is an action of trespass and ejectment to recover possession of a certain tenement occupied by the defendant as a tenant of the plaintiff from month to month. The case is before this court upon the plaintiff's exception to the ruling of the justice of the Superior Court who presided at the trial nonsuiting the plaintiff.

The plaintiff bases his claim of right to possession upon a written notice to vacate which he served upon the defendant for the purpose of terminating the tenancy.

Said notice was as follows:

"NEWPORT, RHODE ISLAND    October 13th, 1920.

Mrs. ANNIE I. GARNISS,
    314 Broadway, Newport, Rhode Island.

MADAM:—Whereas you as tenant from month to month now hold of the undersigned a tenement or apartment known as and numbered 314 Broadway, in said Newport, Rhode Island and whereas the under-signed is desirous of terminating said tenancy, you are hereby notified to vacate and deliver possession of said tenement or apartment at the end of your occupation month which will occur next after the expiration of fifteen days from the date hereof.

JULIUS NASS."

General Laws, 1909, Chapter 334, Section 4, provides that "Tenants by parol of lands, buildings, or parts of buildings, for any term less than a year, shall quit at the end of the term upon notice in writing from the landlord given at least half the period of the term, not exceeding in any case three months, prior to the expiration of the term."

It was the plaintiff's intention in giving said notice to avail himself of the provisions of said Section 4 by giving the defendant a notice equal to "at least half the period of the term." The plaintiff had occupied the tenement for several months as a tenant from month to month, but the term which the plaintiff sought to terminate commenced

October 1, 1920. Said notice was served October 13, 1920. The nonsuit was based on a ruling of said justice that said notice directed the defendant to vacate not at the end of her term but before the end thereof, that is, October 28, 1920. Said justice construed said notice to require the defendant to vacate *on* the expiration of fifteen days from the date of the notice. We do not think the language of said notice (1) is susceptible of such construction or that the defendant could reasonably have had any doubt as to the time when she was required by the terms of the notice to vacate. No particular form of notice is necessary to terminate a tenancy. The notice will be sufficient if it is in writing and informs the tenant that he is required to vacate the premises at the end of his term and is given before the commencement of the latter half of the term. The notice need not state when the term ends as a tenant for a term must be presumed to know when his term commences and when it ends. The language of the notice material for our consideration is as follows: "vacate . . . at the end of your occupation month which will occur next after the expiration of fifteen days from the date hereof." The antecedent of the relative pronoun "which" is unquestionably the noun "end." Said notice contains a direction to vacate "at the end" (of your occupation month) "which will occur next after the expiration of fifteen days from the date hereof." The occupation month commenced October 1, 1920, and ended at midnight October 31, 1920. Said notice was served October 13, 1920. The "end" (of your occupation month) which occurred "next after the expiration of fifteen days" occurred at the end of the thirty-first day of October, 1920. A tenant has a right to occupy during the full period of the term. The defendant had a right to remain in possession of said tenement during the whole of the last day of October, 1920. *Waters* v. *Young*, 11 R. I. 1. Said notice directed the defendant to vacate not during her term but at the end thereof, that is, on the day succeeding the last day of the term.

(2)     There being thirty-one days in the month of October and as the term ended on the last day of said month, the defendant was entitled to a notice of sixteen days instead of fifteen, as implied by said notice, but this error is of no importance. See *Congdon* v. *Brown,* 7 R. I. 19. The defendant received a notice of more than sixteen days and a notice more than equal to one-half of the period of the term.  In our opinion said notice was sufficient to terminate the tenancy.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for a new trial.

*Jeremiah A. Sullivan,* for plaintiff.  *Max Levy,* of counsel. *Frank F. Nolan, John H. Nolan,* for defendant.